IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


TRAMON COLENBURG                                                PLAINTIFF

V.                              CAUSE ACTION NO. 5:19-CV-24-DCB-MTP

AMICA GENERAL AGENCY, LLC d/b/a
AMICA MUTUAL INSURANCE COMPANY;
KENNETH GOFF; PARRISH CANNON, AND
JOHN DOES 1-5                                                   DEFENDANTS


ORDER

Before the Court is Defendant Parrish Cannon's Motion to Dismiss (Doc. 7), Plaintiff's Motion to Remand (Doc. 9), Defendant Amica General Agency, LLC ("Amica")'s Response (Doc. 13), Plaintiff's Reply (Doc. 15), and Plaintiff's Motion to Stay Deadline to Answer or Otherwise Plead to Defendants' Counterclaim and Motion to Dismiss Until Court Rules on Plaintiff's Motion to Remand (Doc. 17). The Court addresses the Motion to Remand first and foremost.

**Background**

This case is an insurance dispute. Plaintiff Tramon Colenburg ("Colenburg") filed suit against Amica General Agency LLC d/b/a Amica Mutual Insurance Company, Kenneth Goff, individually and otherwise acting as an agent for Amica, Parrish Cannon, individually and otherwise acting as an agent for Amica, and John

Does 1-5. Doc. 1-1. Colenburg filed suit in the Circuit Court of Lincoln County, Mississippi. Doc. 1-1.

Colenburg alleges he purchased an insurance policy, 6909231004, that provided fire insurance from Amica. Doc. 1-1, p. 3, ¶ 13. Colenburg contends that on September 27, 2018, a fire occurred on his property, resulting in substantial damage. Id. at ¶ 12. He states that he alerted Amica of the incident, "Claim No. 60003318375," and demanded payment of benefits due under his insurance policy. Id. at ¶ 14. Colenburg claims that the defendants have refused to pay. Id. at ¶ 15-17. He sues under breach of contract; contractual and tortious breach of the implied covenant of good faith and fair dealing; bad faith; deceptive and unfair trade practices, M.C.A. § 75-24-5; and misrepresentation. Amica and Parrish Cannon argue that Colenburg seeks to collect upon insurance policy proceeds of a homeowner's policy that Amica rescinded "after a loss and after Defendants became aware of misrepresentations in the policy application and Plaintiff is suing for bad faith and related causes of action." Doc. 1, p. 1, ¶ 2.

The case was removed to this Court on April 1, 2019, pursuant to 28 U.S.C. § 1441(a), based on diversity jurisdiction. See Doc. 1. On April 8, 2019, Defendant Parrish Cannon moved to dismiss.

Doc. 7. Two days later, Colenburg moved to remand to state court. Doc. 9.

**Background**

Amica and Parrish Cannon allege that Colenburg's inclusion of Defendant Kenneth Goff ("Goff") in the Circuit Court complaint is "an attempt to destroy federal jurisdiction and thwart the proper removal of this case to [federal court]." Doc. 1, p. 3, ¶ 5. They argue that the Circuit Court complaint makes no independent allegations against the only nondiverse defendant, Goff. The defendants allege that the complaint does not explain what role Goff played in any of the actions attributed to Amica: "It makes no mention of any duty owed by Kenneth Goff to Mr. Colenburg and after naming him as a defendant, it does not mention this party specifically again, instead lumping him in with the 'defendants' for purposes of his liability allegations." Doc. 1, p. 2, ¶ 5.

Amica and Parish Cannon state, "Without waving objections to inclusion of improperly joined defendant, Kenneth Goff, all defendants consent to the notice of removal." Doc. 1, p. 3, ¶ 8. By "all defendants," the Court presumes the defendants intend to exclude Goff from that statement since Goff has not appeared in the case and does not join in the Notice of Removal (Doc. 1). Amica and Parrish Cannon argue that "there is no reasonable basis for predicting that state law might impose liability on Kenneth Goff,"

on the facts of this case, involving a rescission of an insurance policy. Doc. 1, p. 3. Therefore, the defendants conclude, Goff's nondiverse citizenship should be ignored for purposes of determining diversity jurisdiction; or, in the alternative, "this improperly joined party [should be dismissed] as a dispensable party defendant in order to retain jurisdiction." Doc. 1, p. 3, ¶ 5.

Colenburg argues that Goff did not join in the removal. Therefore, the removal of this case was allegedly defective in that there was a failure to timely establish the consent of all properly joined and served defendants within thirty (30) days of service. Doc. 9, p. 1, ¶ 1. Amica and Parrish Cannon respond, stating that "Colenburg fails to recognize that Goff's consent to removal was not needed or required because Goff was not properly joined." Doc. 14, p. 2.

The Court finds that whether Goff joined in the removal is not of issue if Goff is improperly joined. If Goff was properly joined, the motion to remand (Doc. 9) will be granted. If Goff was improperly joined, the motion to remand (Doc. 9) will be denied.

Colenburg asserts that the inclusion of Goff as a defendant was proper and warranted by Mississippi law. Doc. 10, p. 9. Colenburg states that

> Goff was not included as a [d]efendant for the purpose of defeating diversity jurisdiction. Rather, Goff may be

4

> independently liable to the Plaintiff for
> misrepresentation of the terms and conditions of the
> subject insurance policy, negligence in the offering of
> advice as to need and sufficiency of coverage,
> negligence in the omission and misstatement of the
> availability and coverage afforded by the insurance
> policy, and for his gross negligence and reckless
> disregard for the rights of the Plaintiff.

Id. Amica argues specifically that Colenburg does not allege that Goff denied the claim, that Goff participated in the investigation, or that Goff had any involvement or role whatsoever regarding the ultimate denial of the claim. Doc. 14, p. 3. Amica acknowledges that Colenburg's motion to remand makes various allegations against Goff, but Amica argues that those allegations appear nowhere in the complaint. Id. Amica states that "the appropriateness of removal is based only on the allegations in the original state court complaint," citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995). Doc. 14, p. 3. Amica follows that argument with

> Even if these new allegations were to be considered by
> the [C]ourt, they establish only that Goff was retained
> to conduct a home inspection of Colenburg's residence.
> Nothing contained in the Affidavit of Colenburg or the
> e-mail from Goff establish that Goff was in any way
> involved in the handling of Colenburg's claim or
> importantly, the ultimate denial of the claim.

Doc. 14, p. 3, n.1. Colenburg contends that considering the allegations made in his motion to remand is within the Court's

5

discretion. Doc. 15, p. 2. Colenburg cites <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004) for support that "when a plaintiff in his or her complaint has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court, may, in its discretion, pierce the pleadings and conduct a summary inquiry." Doc. 15, p. 2 (internal quotation marks omitted). Therefore, Colenburg argues, the Court should "pierce the pleadings and conduct a summary inquiry in determining the issue of remand." Doc. 15, p. 2. Colenburg concludes that after considering his complaint and affidavit, he has articulated viable and independent claims against Goff. Doc. 15, p. 3. Colenburg asserts that Amica "has not met its heavy burden of establishing that there is no possibility against the Defendant, Goff." Doc. 15, p. 4.

**Legal Standard**

To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003)(internal citations omitted). The defendants do not dispute that Goff is a Mississippi resident, so actual fraud has not been claimed. Therefore, the Court focuses on the second test, "which nonetheless is also labeled, at times,

6

'fraudulent joinder' . . . . We will instead use the term 'improper joinder.'" Cumpian v. Alcoa World Alumina, L.L.C., 910 F.3d 216, 219 (5th Cir. 2018).

The Fifth Circuit in Travis clarifies that the test for improper joinder has been stated in various terms, even within the same opinion. The Fifth Circuit discusses those variations: determining whether there is "absolutely no possibility" that the plaintiff will be able to establish a cause of action against the nondiverse defendant; and determining whether there is "any reasonable basis" for predicting that the plaintiff might be able to establish the nondiverse defendant's liability on the pleaded claims in state court. See Travis, 326 F.3d at 647-648. The Fifth Circuit concludes in Travis that although the phrases "appear dissimilar . . . we must assume that they are meant to be equivalent because each is presented as a restatement of the other." Id. at 647.

For improper joinder, a court may "pierce the pleadings" and "consider summary judgment-type evidence in the record, but it must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003); see Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 545 (5th Cir. 2004)("For removal purposes, a local defendant

7

is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant."); see Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990)("When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law. Hence, the trial court properly considered affidavits and depositions in ruling on the plaintiffs' motion to remand.").

Any contested issues of fact or any ambiguities of state law must be resolved in Colenburg's favor. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Amica bears the burden of persuasion to prove fraudulent joinder, and that burden is a heavy one. Id.

The Fifth Circuit in McKee v. Kansas City Southern Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004) discussed Travis and clarified that although the panel deciding Travis stated that district courts should consider summary judgment-type evidence in the record, in reality, district courts are not to apply a summary judgment standard but rather a standard closer to the Federal Rules of Civil

Procedure 12(b)(6) standard. District courts must also "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." Id.

In Cavallini v. State Farm Mut. Auto Ins. Co., the Fifth Circuit discussed the scope of improper joinder and "piercing the pleadings." 44 F.3d 256, 263 (5th Cir. 1995). However, the court also discussed that the plaintiffs in Cavallini did not cite, "nor have we found, any case in which such evidence has been considered to determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint." Id. The Fifth Circuit in Cavallini did not allow the plaintiffs to rely on their affidavits to state a claim against a nondiverse defendant. Id. However, the court did continue, in the opinion, to analyze whether the affidavits supported a claim against the nondiverse defendant. Id. at 263-64.

The Fifth Circuit in Cavallini stated that the district court did not err in denying the plaintiffs' motion to amend nor did it err in failing to consider the proposed amended complaint to determine whether a claim was stated against the nondiverse defendant. Id. at 264. The court discussed how the "rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is

9

obvious." Id. Without that limitation, the issue of removal/remand would never be final. Id. The issue would have to be revisited every time a plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant: "Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation." Id. Amica argues that the new allegations in the Motion to Remand establish only that Goff was retained to conduct a home inspection of Colenburg's residence. Doc. 14, p. 4, n.1. Amica contends that the allegations do not establish that "Goff was in any way involved in the handling of Colenburg's claim or importantly, the ultimate denial of the claim." Id.

The plaintiffs in Cavallini relied on Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), in which the court held that information submitted after removal may be considered in examining the jurisdictional facts as of removal. Cavallini, 44 F.3d at 264; see Dow, 988 F.2d at 565. The plaintiffs asserted that their amended complaint would have clarified any jurisdictional ambiguity in their state court complaint. Cavallini, 44 F.3d at 264.

The Fifth Circuit in Cavallini distinguished Dow because Dow involved clarification of a state court complaint that stated no amount in controversy. Cavallini, 44 F.3d at 264-65. The court stated that, unlike in Dow, there was no need for clarification of the Cavallinis' complaint: "it does not contain allegations against [the nondiverse defendant] that state a claim for relief under either of the two legal theories pleaded." Id. at 265. The court noted, importantly, that even Dow acknowledged that a plaintiff cannot defeat removal by changing his damage request. Id. The court in Dow authorized the consideration of information submitted after removal only in connection with an examination of jurisdictional facts as they existed at the time of removal. Id. Therefore, the Court must determine whether Colenburg's affidavit clarifies the jurisdictional facts at the time of removal. If so, the Court will consider those facts. Ultimately, Dow "does not stand for the proposition that, after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." Cavallini, 44 F.3d at 265.

## Analysis

The Court's initial focus must be on the complaint. Cumpian v. Alcoa World Alumina, L.L.C., 910 F.3d 216, 220 (5th Cir. 2018)(internal citation omitted). The Court should apply a Federal

Rule of Civil Procedure 12(b)(6) standard. Id. If the complaint is sufficient to state a claim, there is no improper joinder. Id.

The Court first reviews the allegations in the complaint to determine whether Colenburg alleged sufficient facts to state a plausible claim for relief against Goff. Kenneth Goff is identified and described as a Mississippi resident on page 2, in paragraph 3 of the complaint. Doc. 1-1. After that, no specific allegations are made against Goff in the complaint. Colenburg alleges breach of contract; contractual and tortious breach of the implied covenant of good faith and fair dealing; bad faith; deceptive and unfair trade practices; and misrepresentation. See Doc. 1-1. Nowhere in these claims or in the "General Allegations" of the complaint is Goff discussed. Doc. 1-1, pp. 3-11. Colenburg does not allege that Goff denied the insurance claim, that Goff participated in the investigation, or that Goff had any involvement or role regarding the ultimate denial of the claim. See Doc. 1-1. Therefore, the Court finds that the complaint is not sufficient to state a claim for relief.

Colenburg argues that the Court should move beyond a review of the complaint alone. See Doc. 10. In doing so, the Court analyzes Colenburg's allegations against Goff in the Motion to Remand, viewing them in a light most favorable to Colenburg.

Colenburg alleges that he contacted and spoke with Goff on several occasions to arrange an inspection. Doc. 10, p. 2. Goff allegedly did not conduct an inspection and, instead, explained to Colenburg that the inspection was merely a formality and assured Colenburg that he had insurance coverage on his home. Id. Colenburg asserts that Goff deceptively and unfairly represented the nature and amount of insurance coverage that Colenburg had, breached his fiduciary duties, failed to exercise the degree of expertise and diligence expected by Colenburg and the public, and breached his duty to refrain from actions that would injure Colenburg's ability to obtain the benefits of the insurance contract, among other things. Doc. 10, pp. 7-8.

> Amica argues that these allegations
>
> establish only that Goff was retained to conduct a home inspection of Colenburg's residence. Nothing contained in the Affidavit of Colenburg or the e-mail from Goff establish that Goff was in any way involved in the handling of Colenburg's claim or importantly, the ultimate denial of the claim.

Doc. 14, p. 3, n.1. Amica directs the Court's attention to Thomas v. Allstate Vehicle & Prop. Ins. Co., 2017 WL 2174961, at *1 (S.D. Miss. May 1, 2017). The court in Thomas discussed improper joinder and involved similar facts. In Thomas, the court found that all of the plaintiff's causes of action stemmed from the denial of the plaintiff's insurance claim. Id. There was an absence of facts in

Thomas to support a cognizable cause of action against the insurance agents based on the denial of the claim, "despite [the plaintiff's] attempt to lump all Defendants together." Id. A plaintiff cannot rely upon conclusory allegations against defendants in opposing a claim of improper joinder. Id.; see Donald v. Arrowood Indem. Co., 2017 WL 4853290, at *7 (S.D. Miss. Nov. 23, 2010). Thomas supports this Court's finding that Amica has met its burden of proof in establishing improper joinder.

Even if Colenburg had made viable allegations against Goff, the claims are not cognizable under Mississippi law. There is no allegation that Goff was a party to the insurance contract, thereby eliminating the possibility of any breach of contract claim alleged in the complaint. Id. (internal citations omitted). Also, because Goff was not a party to the contract, he had no implied duty of good faith and fair dealing with regard to the performance of the contract. Id.; Rhodes v. State Farm Fire and Cas. Co., 2009 WL 563876, at *4 (S.D. 2009). Therefore, Colenburg has no claim for breach of the implied covenant of good faith and fair dealing or bad faith against Goff. Id. Colenburg argues that independent liability may be had against Goff as "an agent for Amica, when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." Doc. 10, p. 8. However, Colenburg has not provided sufficient support for any allegation

14

that Goff was involved in the decision to deny benefits. See Rhodes, 2009 WL 563876, at *4.

The Court finds that Colenburg's motion to remand, similar to the plaintiffs' amended complaint in Cavallini, does not clarify or alter the jurisdictional facts at the time of removal. Instead, Colenburg attempts to "amend away the basis for federal jurisdiction." Cavallini, 44 F.3d at 265. Although Colenburg did not amend his complaint, he uses the motion to remand as a means to attempt to create a claim that did not exist in the state court complaint.

There is not an arguably reasonable basis for predicting that Colenburg might recover against Goff. Disregarding the citizenship of Goff, the Court has diversity jurisdiction. Therefore, the Court will deny the motion to remand and dismiss Goff from this action. See Burchfield v. Foremost Ins. Group, 2017 WL 1167278, at *6 (N.D. March 28, 2017) ("Where a plaintiff improperly joins defendants, dismissal of claims against those defendants is appropriate.")(internal citation omitted).

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand **(Doc. 9)** is **DENIED**.

IT IS FURTHER ORDERED that Kenneth Goff is DISMISSED from this action with prejudice.

SO ORDERED this the 12th day of June, 2019.

                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE