IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


TRAMOND COLENBURG                                          PLAINTIFF

V.                                    CAUSE ACTION NO. 5:19-CV-24-DCB-MTP

AMICA GENERAL AGENCY, LLC d/b/a
AMICA MUTUAL INSURANCE COMPANY;
PARRISH CANNON, AND
JOHN DOES 1-5                                              DEFENDANTS


ORDER

     Before the Court is Defendant Parrish Cannon's Motion to
Dismiss (Doc. 7), Plaintiff's Motion to Stay Deadline to Answer or
Otherwise Plead to Defendants' Counterclaim and Motion to Dismiss
Until Court Rules on Plaintiff's Motion to Remand (Doc. 17), and
Plaintiff's Answer and Defenses to Counterclaim (Doc. 20). The
Court finds as moot the Plaintiff's Motion to Stay Deadline to
Answer (Doc. 17). See Doc. 20.


I

     This case is an insurance dispute. Plaintiff Tramond
Colenburg ("Colenburg") filed suit in the Circuit Court of Lincoln
County, Mississippi, against Amica General Agency LLC d/b/a Amica
Mutual Insurance Company ("Amica"), Kenneth Goff,[1] individually
and otherwise acting as an agent for Amica, Parrish Cannon,

_____
[1] The Court dismissed Kenneth Goff from this action without prejudice. See
Doc. 18, p. 16.

individually and otherwise acting as an agent for Amica, and John Does 1-5. Doc. 1-1.

Colenburg alleges he purchased an insurance policy, 6909231004, that provided fire insurance from Amica. Doc. 1-1, p. 3, ¶ 13. The plaintiff contends that on September 27, 2018 a fire occurred on his property, resulting in substantial damage. Id. at ¶ 12. He states that he alerted Amica of the incident, "Claim No. 60003318375," and demanded payment of benefits due under his insurance policy. Id. at ¶ 14. Colenburg claims that the defendants have refused to pay. Id. at ¶ 15-17. He sues under breach of contract; contractual and tortious breach of the implied covenant of good faith and fair dealing; bad faith; deceptive and unfair trade practices, M.C.A. § 75-24-5; and misrepresentation. Amica and Parrish Cannon argue that Colenburg seeks to collect upon insurance policy proceeds of a homeowner's policy that Amica rescinded "after a loss and after Defendants became aware of misrepresentations in the policy application and Plaintiff is suing for bad faith and related causes of action." Doc. 1, p. 1, ¶ 2.

The case was removed to this Court on April 1, 2019, pursuant to 28 U.S.C. § 1441(a), based on diversity jurisdiction. See Doc. 1. On April 8, 2019, Defendant Parrish Cannon moved to dismiss.

Doc. 7. Two days later, Colenburg filed a motion to remand to state court (Doc. 9), which the Court denied. <u>See</u> Doc. 18.

II

Defendant Parrish Cannon ("Cannon") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)("failure to state a claim upon which relief can be granted"). Doc. 8, p. 1. Cannon argues that the Complaint in this action contains no facts to support the inclusion of Cannon as a party. Doc. 8, p. 2. He contends that Colenburg's only allegation against him is that he acts as an agent for Amica. <u>Id.</u> Cannon points out that he is not alleged to have personally committed any of the actions or omissions listed in the Complaint or in any of the six enumerated causes of action. <u>Id.</u>; <u>see</u> Doc. 1-1. Therefore, he argues, the "[f]ailure to so plead entitles [him] to dismissal without prejudice." <u>Id.</u>

Colenburg's Answer (Doc. 20) addresses only Defendant Amica's Amended Answer and Counterclaim for Declaratory Judgment (Doc. 16). He has failed to file a responsive brief addressing Cannon's Motion to Dismiss (Doc. 7) within the time required by the Local Rules of this Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff Tramond Colenburg shall show cause for his failure to file responsive pleadings, accompanied by his pleadings, and show cause why Defendant Parrish Cannon should not be dismissed, within ten (10) days from entry of this Order.

SO ORDERED this the 3rd day of July, 2019.

                                    _/s/ David Bramlette_____
                                    UNITED STATES DISTRICT JUDGE