IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRAMOND COLENBURG                                                PLAINTIFF

V.                              CAUSE ACTION NO. 5:19-CV-24-DCB-MTP

AMICA GENERAL AGENCY, LLC d/b/a
AMICA MUTUAL INSURANCE COMPANY;
PARRISH CANNON, AND
JOHN DOES 1-5                                                   DEFENDANTS

ORDER

Before the Court is Defendant Parrish Cannon's Motion to Dismiss (Doc. 7) and this Court's Order for Plaintiff Tramond Colenburg ("Colenburg") to show cause for his failure to file responsive pleadings (Doc. 21).

This case is an insurance dispute. Plaintiff Colenburg filed suit in the Circuit Court of Lincoln County, Mississippi, against Amica General Agency LLC d/b/a Amica Mutual Insurance Company ("Amica"), Kenneth Goff[1], individually and otherwise acting as an agent for Amica, Parrish Cannon ("Cannon") individually and otherwise acting as an agent for Amica, and John Does 1-5. Doc. 1-1. This case was removed to this Court on April 1, 2019, pursuant to 28 U.S.C. §1441(a), based on diversity jurisdiction. See Doc. 1. Defendant Cannon moved to dismiss on April 8, 2019. Two days

---

[1] The Court dismissed Kenneth Goff from this action without prejudice. See Doc. 18, p. 16.

1

later, Colenburg filed a motion to remand to state court (Doc. 9), which the Court denied (Doc. 18).

Defendant Parrish Cannon ("Cannon") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)("failure to state a claim upon which relief can be granted"). Doc. 8, p. 1. Cannon argues that the Complaint in this action contains no facts to support the inclusion of Cannon as a party. Doc. 8, p. 2. He contends that Colenburg's only allegation against him is that he acts as an agent for Amica. Id. Cannon is not alleged to have personally committed any of the actions or omissions listed in the Complaint or in any of the six enumerated causes of action. Id.; see Doc. 1-1. Under Mississippi law, an insurance agent may be held independently liable for its work on a claim "if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." See Johnson v. Rimes, 890 F.Supp.2d 743, 746 (S.D. Miss. 2012). In his complaint, Plaintiff has not made any allegations against Cannon, much less allegations of gross negligence, malice, or reckless disregard.

Colenburg failed to file a responsive brief addressing Cannon's Motion to Dismiss within the time allotted by the Local Rules of this Court. See L.U.Civ.R. 7(b)(4)("Counsel for respondent must, within fourteen days after service of movant's

motion and memorandum brief, file a response"). Defendant Cannon filed the Motion to Dismiss on April 8, 2019, making Plaintiff Colenurg's response due on April 22, 2019.

On July 3, 2019, this Court entered a show cause order. Colenburg had until July 13 to show cause for his failure to file responsive pleadings and to show cause why Defendant Cannon should not be dismissed. He has, as of the date of this Order, failed to respond.

Accordingly,

IT IS HEREBY ORDERED that Defendant Cannon's Motion to Dismiss is hereby GRANTED as Plaintiff Colenburg's complaint failed to contain sufficient allegations against Cannon and Plaintiff Colenburg failed to respond to Cannon's Motion to Dismiss.

SO ORDERED this the 19th day of September, 2019.

           ___/s/ David Bramlette_____
           UNITED STATES DISTRICT JUDGE